IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

AUG 16 PM

CLERK
SO. DIST OF GA

FRANKLIN L. WILLIAMS,           :

        Petitioner,           :

   v.           :           CIVIL ACTION NO.: CV511-073

                 :

UNITED STATES OF AMERICA,           :

        Respondent.           :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Defendant Franklin Williams ("Williams"), who is currently incarcerated at the Fort Worth Federal Medical Center in Fort Worth, Texas, filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. The Government filed a Response. Williams filed a Reply, to which the Government responded. For the reasons which follow, Williams' Motion should be **DISMISSED**.

## STATEMENT OF THE CASE

Williams was convicted in this Court, after a jury trial, of one count of distribution of more than five grams of cocaine base and one count of distribution of more than 50 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). The Honorable William T. Moore, Jr., sentenced Williams to 292 months' imprisonment on each count, to run concurrently with each other and with Williams' revoked state parole term, 10 years' supervised release, and a $200.00 special assessment. Williams filed an appeal. The

AO 72A
(Rev. 8/82)

Eleventh Circuit Court of Appeals affirmed Williams' convictions and sentences. United States v. Williams, 262 F. App'x 165 (11th Cir. 2008).

Williams filed a previous section 2255 motion in which he asserted he received ineffective assistance of trial counsel. The undersigned recommended that Williams' initial motion be denied, and Judge Moore adopted this recommendation as the opinion of the Court. (CV508-34, Doc. Nos. 4, 61). Williams continues to file post-judgment motions and other pleadings in CV508-34, even though this case has been closed for more than two (2) years.

Williams filed another section 2255 motion. In that motion, Williams alleged that he received ineffective assistance of appellate counsel because his attorney would not argue that his trial counsel was ineffective and because his appellate counsel refused to file a motion for a new trial. Williams also alleged that he was denied the right to have a psychological evaluation for his post-traumatic stress disorder for which he has been treated for 30 years. Williams contended that he was denied his right to confront witnesses at trial, in violation of the Sixth Amendment. Williams averred that he was arrested without a warrant and that he was improperly under electronic surveillance, in violation of the Fourth Amendment. Williams asserted that Judge Moore was biased and had a conflict of interest. Finally, Williams asserted he was convicted in the absence of evidence other than hearsay. The undersigned recommended that this motion be dismissed as a successive § 2255 motion. (CV509-104, Doc. No. 33). Judge Moore adopted this recommendation as the opinion of the Court. (CV509-104, Doc. No. 38). The Eleventh Circuit Court of Appeals denied Williams' application for leave to file a second or successive motion, finding that Williams failed to make the

requisite showing under section 2255(h). (CV509-104, Doc. No. 42). As has become his usual practice, Williams continues to file post-judgment motions and other materials in that case. (CV509-104, Doc. Nos. 43-49, 51-64).

Williams filed yet another § 2255 motion in which he made virtually identical assertions as he did in Case Number CV509-104. The undersigned recommended that Williams' motion be dismissed as successive, and Judge Moore adopted this recommendation as the opinion of the Court. (CV511-19, Doc. Nos. 4, 15). Williams has pending post-judgment motions in that case. (CV511-19, Doc. Nos. 17, 22).

In the instant Motion, Williams contends that his appellate counsel filed his appeal without filing a motion for new trial. Williams asserts that appellate counsel's failure to file a motion for new trial rendered his assistance ineffective and did not allow Williams the opportunity to prove his innocence. Williams also asserts that he was not able to have a "voice test" conducted for a telephone conversation discussing an alleged drug transaction. (Doc. No. 3, p. 2). Williams contends that he was not provided with the name of the informant, which denied him his right to confront this witness against him. Williams also contends that he has been receiving treatment for his mental health issues for over 25 years, and he was put on the stand to testify after he was given his medication.

## DISCUSSION AND CITATION TO AUTHORITY

To file a second or successive § 2255 motion, the movant is required to first file an application with the appropriate court of appeals for an order authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A); Farris v. United States, 333

3

F.3d 1211, 1216 (11th Cir. 2003). A panel of the court of appeals must certify that the second or successive motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); In re Anderson, 396 F.3d 1336, 1337 (11th Cir. 2005). Without authorization from the court of appeals, a district court lacks jurisdiction to consider a movant's second or successive motion. Farris, 333 F.3d at 1216 (citing Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997)).

Williams did not receive prior authorization from the Eleventh Circuit Court of Appeals which would permit this Court to exercise jurisdiction over this section 2255 motion. However, even if the Eleventh Circuit authorized his motion, it does not appear that Williams would be entitled to his requested relief. Williams has not set forth any assertions which fall within § 2255(h)'s requirements.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Williams' Motion to Vacate, Set Aside, or Correct his Sentence, filed pursuant to 28 U.S.C. § 2255, be **DISMISSED**.

SO REPORTED and RECOMMENDED, this __16th__ day of August, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE